IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

MARIA COTA,

    Movant.

No. CR S-05-0261-03 GEB GGH

FINDINGS & RECOMMENDATIONS

/

    Movant, a federal prisoner proceeding pro se, has purported to file a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. On January 13, 2006, movant pled guilty to count one of an indictment, specifically, "conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1) and 846.[1]  Docket # 31, # 35 & # 48.  Court records indicate that judgment was imposed, on April 21, 2006, and movant was sentenced to a term of imprisonment of 168 months.  Docket # 44 & # 48.  Court records indicate that movant filed a notice of appeal of the April 21, 2006, conviction/judgment on August 10, 2006, and that on January 30, 2007, the appeal was dismissed for failure to prosecute.  Docket # 53 & # 66.

---

[1] Movant had two co-defendants.

1

On October 29, 2007, movant filed a confusing document variously captioned as a notice of appeal, purportedly pursuant to Fed. R. App. 4(d)(1)(B); a request for a certificate of appealability; and a motion, denominated as pursuant to 28 U.S.C. 2255(c)(2). Movant therein indicates that she intends to appeal the "adverse decision" of the court as to her § 2255 motion, and asks for a certificate of appealability for a "successive appeal." Docket # 73. Movant apparently mis-construed her own notice of appeal as a § 2255 motion and complains of the dismissal by the Ninth Circuit of her direct appeal as the dismissal of her non-existent § 2255 motion. Movant goes on to aver that she believes she was denied various but unspecified constitutional rights by the court's dismissal of her appeal (mis-characterized as a § 2255 motion), asserts that she is preparing a brief in support of her request for a certificate of appealability (COA), and alternatively asks that any denial of her pending request for a COA be forwarded to the Ninth Circuit, along with what she also characterizes as her notice of appeal.

Almost exactly one year later, on October 28, 2008, movant filed a document entitled both "motion to amend petitioner[']s notice of appeal FRP 4(d)(1)(b)" and "motion to amend petitioner[']s request for certificate of appealability under Title 28 USC 2255." Docket # 69. In this filing, movant asks for leave to amend her putative § 2255 motion, referencing her filing of October 29, 2007, indicating that that pro se petition had been prepared by a fellow inmate, that movant had immediately thereafter sought pro bono legal representation, that she had provided a law firm ("Morton and Russo") with her limited legal materials and that she had assumed that she would be represented from that point, but, as of October, 2008, she had received her material back with confirmation that representation would not be forthcoming. Movant, therefore, seeks an extension of time to file a § 2255 motion along with leave to proceed in forma pauperis. In an apparent effort to explain her failure to date "to effectively prepare a memorandum of points and authority [sic] that will outline and establish grounds of relief" under § 2255, she also avers that she has had difficulty in obtaining her full case file from her defense counsel, James Greiner, and also asks the court to help her obtain her case file. Docket # 69, p.

2. This matter was referred to the undersigned, almost a year later, on October 7, 2009. Docket # 75.

To the extent that movant, in her October, 2008, filing seeks an extension of time to file a § 2255 motion, the request is denied as it is essentially a request that the court toll the applicable one-year statute of limitations, pursuant to § 2255(f), without movant having provided any substantive basis for the request. Nor can the court construe any of the filings of movant as remotely constituting a motion pursuant to § 2255.

A movant in a § 2255 motion has a burden analogous to that of a petitioner in a § 2254 petition,[2] wherein the petitioner has the burden to specifically allege and demonstrate error of constitutional proportion, McKenzie v. McCormick, 27 F.3d 1415, 1418 (9th Cir. 1994). A petitioner must allege facts that point to the "real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75, n.7, 97 S. Ct. 1621, 1630 (1977) [emphasis added]; Wacht v. Cardwell, 604 F.2d 1245, 1246 (9th Cir. 1979); there must be some evidentiary "spelling out" of the constitutional claim, Gentile v. Mancusi, 426 F.2d 238, 239 (2nd Cir. 1970), i.e., the pleader must lay a foundation for proper factual averments and competent evidence must support the averments. Davis v. Bomar, 344 F.2d 84, 86 (6th Cir. 1965). Nor is petitioner (or movant) entitled to speculate about a claim in the first instance, and then request investigative monies and discovery to determine whether there is any factual basis for the speculated claim. The court's point has been best put by Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970), adopted by Calderon v. U.S.D.C. (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996): "Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence." Movant has articulated no substantive grounds or basis for a challenge to her conviction and sentence in the filings she seeks to characterize as a motion pursuant to 28 U.S.C. § 2255. See also Reed v.

---

[2] "A federal criminal defendant files a motion under 28 U.S.C. § 2255 to seek collateral relief. A state criminal defendant files a petition under 28 U.S.C. § 2254 to seek collateral relief." Patterson v. Mendoza-Powers, 2008 WL 2339820 *3 n.2 (N.D. Cal. 2008).

1  United States, 441 F.2d 569 (1971)("vague, obviously inaccurate or conclusory allegations...may
2  support a dismissal [of a § 2255 motion] without hearing"); Meeks v. United States, 427 F.2d
3  881 (9th Cir. 1970)(entry of judgment without a hearing appropriate for a § 2255 motion based
4  only on conclusionary allegations); Earley v. United States, 381 F.2d 715, 716 (9th Cir.
5  1967)(vague, conclusionary allegations insufficient to require a hearing on § 2255 motion).

Accordingly, IT IS RECOMMENDED that movant's post-conviction motions , filed on October 29, 2007 (docket # 73), and motion to amend, filed on October 28, 2008 (docket # 69), are summarily dismissed as non-cognizable pleadings.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, movant may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2009

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
cota0261.mtn

---

[3] To movant's benefit, the undersigned will not construe the pleadings as § 2255 motions, as an actual § 2255 motion filed after this dismissal could then be construed as successive.