1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Respondent,              No. CR S-05-0261 GEB GGH P

12       vs.

13   MARIA COTA,

14          Movant.                  ORDER

15   _____/

16          By Order filed January 21, 2010, movant's post-conviction motions of October

17   29, 2007, and October 28, 2008, were summarily dismissed as non-cognizable pleadings.

18   Movant has directed a request to the Clerk of the Court to review the records to determine

19   whether her amended 28 U.S.C. § 2255 motion was filed timely, which the court liberally

20   construes as a request for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

21          Under Rule 60(b), a party may seek relief from judgment and to re-open her case

22   in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez

23   v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005).  "Motions for relief from

24   judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the

25   sound discretion of the district court."  Allmerica Financial Life Insurance and Annunity

26   Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

1    Once a decision of law is made, it becomes the "law of the case," and absent clear

2  error or changed circumstances should not be changed.  See United States v. Estrada-Lucas, 651

3  F.2d 1261, 1263-64 (9th Cir.1980).  The law of the case doctrine provides that "a court is

4  generally precluded from reconsidering an issue that has already been decided by the same court,

5  or a higher court in the identical case."  United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir.

6  1998), quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation

7  and citation omitted).

8    In the instant action, movant asks the court to reconsider whether her amended §

9  2255 motion was filed timely.  Movant misses the point entirely.  As was noted in the Order

10  summarily dismissing movant's prior post-conviction motions as non-cognizable, the issue was

11  not whether movant had timely filed an amended § 2255 motion; rather, because movant had

12  failed to comply with the November 24, 2009, Order granting movant an extension of time to file

13  objections but expressly not to file an amended § 2255 motion, the court declined to construe that

14  putative amended motion as objections to the October 14, 2009, Findings and Recommendations.

15  Movant in asking that the court deem the amended motion timely wholly misconstrues the

16  posture of the case at the time she filed the amended motion and provides no basis whatever for

17  the court to amend its judgment.

18    Therefore, IT IS HEREBY ORDERED that movant's January 28, 2010 (docket #

19  83), construed as a motion for relief from judgment, pursuant to Fed. R. Civ. 60(b), is denied.

20  Dated:  February 10, 2010

21

22  _____
    GARLAND E. BURRELL, JR.

23  United States District Judge

24

25

26